J-S77024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SHANTE BRUCE RICE, | |
| Appellant | No. 48 MDA 2016 |

Appeal from the Judgment of Sentence December 16, 2014
in the Court of Common Pleas of Cumberland County
Criminal Division at No.: CP-21-CR-0003481-2012

BEFORE: PANELLA, J., OLSON, J., and PLATT, J.[*]

CONCURRING AND DISSENTING MEMORANDUM BY PLATT, J.:

**FILED: MAY 2, 2017**

I respectfully concur in part and dissent in part. I concur with the learned Majority's affirmance of judgment of sentence. However, I am compelled to dissent from the Majority's vacation of Appellant's conviction and sentence for criminal conspiracy to commit second-degree murder. I agree with the reasoning of the learned trial court, that the outcome of this issue is controlled by the holding of our Supreme Court in ***Commonwealth v. Weimer***, 977 A.2d 1103 (Pa. 2009). (***See*** Trial Court Opinion, 5/05/16, at 16). The ***Weimer*** Court held, in pertinent part:

---

[*] Retired Senior Judge assigned to the Superior Court.

One may certainly be convicted of conspiracy to commit homicide, and the jury's decision to convict of murder in the third degree does not render the preexisting conspiracy a nonentity.

Put another way, the ultimate gradation of the crime accomplished does not in and of itself delimit the degree of crime originally planned—the crime ultimately accomplished does not retroactively limit the scope of the original conspiracy. A jury's determination of the degree of homicide accomplished does not limit the conspiracy's scope. If appellant conspired to intentionally, knowingly, recklessly, or negligently cause the death of [the victim], she may be found guilty regardless of which of those adverbs are found or not found by the jury.

*Id.* at 1105.[1] *See Commonwealth v. Fisher*, 80 A.3d 1186, 1195 (Pa. 2013) (holding conspiracy to commit third degree murder is cognizable offense); *see also Roebuck*, *supra* at 624 (conviction for murder of third degree supportable under complicity theory where Commonwealth proves accomplice acted with culpable mental state required of a principal actor, namely, malice).[2] I would affirm the judgment of sentence in its entirety.

Accordingly, I respectfully concur in part and dissent in part.

_____

[1] Similarly, in my view, the Majority's reliance on *Commonwealth v. Geathers*, 847 A.2d 730, 734 (Pa. Super. 2004) is misplaced. (*See* Majority, at **22-23 n.6). "[C]onspiracy, attempt, and complicity are distinct legal principles with different requirements for mental culpability." *Commonwealth v. Roebuck*, 32 A.3d 613, 622 (Pa. 2011) (citation omitted).

[2] *Accord*, *Commonwealth v. Nunez*, 459 A.2d 376, 376 (Pa. Super. 1983) (holding evidence sufficient to affirm both second-degree murder and conspiracy to murder convictions).